```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
            LAFAYETTE DIVISION
```

```
RUTH A. PETERSON,              )
                               )
Plaintiff,                     )
                               )
     v.                        )      4:17-CV-96
                               )
IU WHITE HEALTH,               )
                               )
Defendant.                     )
```

## OPINION AND ORDER

This matter is before the Court on the Complaint (DE #1) and the Motion to Proceed In Forma Pauperis (DE #2), both filed by the plaintiff, Ruth A. Peterson, on December 8, 2017. For the reasons set forth below, the Court:

(1) **DISMISSES** the complaint (DE #1) **WITHOUT PREJUDICE**;

(2) **DENIES** the motion for leave to proceed *in forma pauperis* (DE #2);

(3) **GRANTS** Plaintiff to and including **May 23, 2018,** to file an amended complaint along with payment of the filing fee; and

(4) **CAUTIONS** Plaintiff that if she does not respond by the deadline, this action is subject to termination without further notice.

BACKGROUND

Ruth A. Peterson ("Plaintiff") initiated this case by filing a complaint (DE #1) and motion to proceed *in forma pauperis* ("IFP")

(DE #2) on December 8, 2017. In her complaint, Plaintiff lists one defendant, IU White Health ("IUWH"). Plaintiff indicates that she is bringing her claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 (the "ADEA"). Plaintiff alleges that she was unfairly terminated from her employment with IUWH on January 24, 2017, after being given one prior written warning in July of 2016. She claims that she sent two letters to the director of human resources requesting a written review of the termination action but that she never received a response. Plaintiff alleges that she feels she was discriminated against on the basis of "gender (M and/or F) & age." (DE #1, p. 2.) She claims she has "stated (3) adverse effects [sic] from an at-will employer indicating cliché activity." (*Id*.) Plaintiff requests reimbursement of her "life policy of civil displacement on 1/24/17 at the at will just cause rate of times three," review of IUWH's employment standards, and "equivalent employment at equivalent rate of pay." (*Id*. at 3.) She has attached her Notice of Right to Sue Letter to the complaint, but not the Charge of Discrimination form filed with the Equal Employment Opportunity Commission ("EEOC"). In her motion for IFP, Plaintiff, who is not married and does not support any children, indicates that she is employed and receives approximately $1,600 per month. (DE #2, pp. 1-2.) She also indicates that she

has approximately $11,000 in either cash on hand or deposits in accounts, and the value of her real estate, cars, jewelry, stocks, bonds, and other valuables is approximately $80,000. (*Id*. at 2.)

ANALYSIS

The IFP statute, 28 U.S.C. section 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs (e.g. filing fee) of the lawsuit. See 28 U.S.C. § 1915(a)(1); see also *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. See *Denton*, 504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). The screening court must dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

As to the financial prong of the analysis, the federal poverty guideline for a household of one living in Indiana is $12,140. ANNUAL UPDATE OF THE HHS POVERTY GUIDELINES, 83 Fed. Reg. 2642-44 (Jan. 13, 2018). The annualized value of Plaintiff's income alone is $19,200, which is above the federal poverty guideline. Thus, the Court finds that Plaintiff is not financially eligible to proceed

IFP in this case.

As to the sufficiency prong of the analysis, to determine whether the suit states a claim upon which relief can be granted under 28 U.S.C. section 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A plaintiff "must plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). "This means that the complaint must contain allegations plausibly suggesting (not merely consistent with) an entitlement to relief." *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632-33 (7th Cir. 2013) (internal quotation marks and citation omitted).

Title VII prohibits employers from firing or otherwise discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or

4

national origin." See 42 U.S.C. §§ 2000e-2(a)(1). The ADEA prohibits employers from discriminating against an individual, who is at least forty years old, on the basis of his or her age. See 29 U.S.C. § 623(a); 29 U.S.C. § 631(a).

> To state a claim for disparate treatment based on gender, [a plaintiff] must plausibly allege that 'she was subjected to intentional discrimination based on . . . her gender.' *Chaib v. Indiana*, 744 F.3d 974, 981 (7th Cir. 2014). Thus, [she] must set out factual allegations to show: (1) she is a member of a protected class, (2) she was subjected to an adverse employment act, and (3) there is a link between those two. See *Martino v. W. & S. Fin. Grp.*, 715 F.3d 195, 201-02 (7th Cir. 2013). However, the Seventh Circuit has recently explained that the third of these need not be set out with plausible factual allegations, instead a plaintiff can rely on conclusory allegations that the first and second are linked. See *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013); see also *Carlson v. CSX Transp., Inc.*, 758 F.3d 819 (7th Cir.2014); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 782 (7th Cir. 2007). . . . The tests under the ADEA and Title VII are virtually identical at this stage, in this case merely requiring the court to substitute age for gender as the protected class but otherwise applying the same tests. See *Andrews v. CBOCS W., Inc.*, 743 F.3d 230, 234 (7th Cir. 2014).

*Stone v. Bd. of Tr. of N. Ill. U.*, 38 F. Supp. 3d 935, 944-45 (N.D. Ill. 2014).

Here, Plaintiff does not allege that she is a member of any protected class. She does not provide her age, so it is unclear whether the ADEA applies to her. And, while the Court would

normally infer, based on her name, that she is alleging protected class status as a female, her complaint states that the discrimination was "on the basis of gender (M and/or F)," so the intended classification is unclear. Moreover, Plaintiff has failed to attach her charge of discrimination to the complaint, electing instead to only attach her right to sue letter, and that letter does not provide additional clarification as to the nature of her claims. There is no suggestion that Plaintiff's status as a member of a protected class was linked to any of IUWH's alleged employment actions. Thus, Plaintiff has not stated a plausible claim for employment discrimination, and her complaint must be dismissed. See e.g. *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011) (to survive dismissal, a complaint must allege that an adverse employment action was linked to the plaintiff's sex, race, national origin, or some other protected class). However, as is the general practice in this circuit, the Court will *sua sponte* grant Plaintiff leave to file an amended complaint if she believes she has a sufficient basis for her claims consistent with this order. See *Luevano*, 722 F.3d at 1022-25.

CONCLUSION

For the reasons set forth above, the Court:

(1) **DISMISSES** the complaint (DE #1) **WITHOUT PREJUDICE**;

(2) **DENIES** the motion for leave to proceed *in forma pauperis* (DE #2);

(3) **GRANTS** Plaintiff to and including **May 23, 2018,** to file an amended complaint along with payment of the filing fee; and

(4) **CAUTIONS** Plaintiff that if she does not respond by the deadline, this action is subject to termination without further notice.


DATED: April 20, 2018 /s/RUDY LOZANO, Judge
United States District Court