# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| RUTH A. PETERSON, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:17-CV-96-TLS |
| IU WHITE HEALTH, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's, IU White Health, Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, for the Docket to Reflect that Defendant is not Required to Respond to Plaintiff's Amended Complaint Until Properly Served [ECF No. 11].

## BACKGROUND

The Plaintiff, Ruth A. Peterson, filed a Complaint [ECF No. 1] on December 8, 2017 and an Amended Complaint [ECF No. 4] on May 7, 2018. The Plaintiff alleges that the Defendant discriminated against her due to her gender and age. (Pl.'s Am. Compl. at 2–3.) The Plaintiff also appears to allege that there was some interference with her unemployment rights and seeks various forms of declaratory relief. (*Id.*) On June 4, 2018, the Defendant filed a Motion to Dismiss [ECF No. 11] alleging that the Plaintiff's Amended Complaint should be dismissed for improper service pursuant to Federal Rule of Civil Procedure Rule 4 and the Court's resultant lack of personal jurisdiction. The Court understands that the Defendant's Motion to Dismiss is brought pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). The Plaintiff filed a response [ECF No. 13] and the Defendant filed a reply [ECF No. 14]. This matter is now ripe for review.

## LEGAL STANDARD

Service of process serves a dual purpose: it gives a court jurisdiction over the person of the defendant as well as notifying him of the lawsuit. *Milliken v. Meyer*, 311 U.S. 457 (1940); *see, also, Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991) ("Valid service of process is necessary in order to assert personal jurisdiction over a defendant."). A summons must be served with a copy of a plaintiff's complaint. Fed. R. Civ. P. 4(c)(1); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011) ("After commencing a federal suit, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against it."). Pursuant to Rule 4(c)(1), a plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m), which provides a 120–day time limit from the date a complaint is filed to properly serve the summons and complaint. Fed. R. Civ. P. 4(m).

A defendant may enforce personal jurisdiction and service of process requirements through a pretrial motion to dismiss. Fed. R. Civ. P. 12(b)(2); (b)(5). Motions made under Rule 12(b)(5) challenging service of process have the same standard of review as Rule 12(b)(2) motions. *Mid-Continent Wood Prods., Inc.*, 936 F.2d at 301. The Plaintiff, as the party seeking to invoke federal jurisdiction, bears the burden to establish the existence of personal jurisdiction. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 & n.11 (7th Cir. 2003). When the service of process requirement is not satisfied, the court has no jurisdiction over a defendant even if the defendant knows of the lawsuit against him. *Mid-Continent Wood Prods., Inc.*, 936 F.2d at 301. "If, on its own or on the defendant's motion, the district court finds that the plaintiff has not met that burden and lacks good cause for not perfecting service, the district court

must either dismiss the suit or specify a time within which the plaintiff must serve the defendant. Fed. R. Civ. P. 4(m)." *Cardenas*, 646 F.3d at 1005.

## ANALYSIS

The Plaintiff filed her Amended Complaint on May 7, 2018, which meant that she had to serve the Defendant by September 4, 2018. The Defendant argues that the Plaintiff failed to comply with Federal Rule of Civil Procedure Rule 4 and it is not obligated to respond to the Plaintiff's Amended Complaint. The Defendant states that the Plaintiff sent a summons to the Defendant's "Human Resource Manager," who was not an officer designated to receive service, and failed to attach a copy of her Amended Complaint in violation of Rule 4. (Def.'s Mot. at 2.) The Defendant states that it informed the Plaintiff on May 22, 2018 through a letter that requested the Plaintiff cure this deficiency. (*Id.*) On June 4, 2018, the Defendant's Human Resource Manager received a "Summons in a Civil Action" and "Amended Civil Complaint" in her internal mailbox. (*Id.* at 3.) The Defendant argues that the Human Resource Manager is not an officer designated to receive service. Thus, despite the Plaintiff's efforts, it has not been properly served with the Plaintiff's Amended Complaint and the Court thus lacks personal jurisdiction over the Defendant. (*Id.* at 3–4.) Therefore, the Defendant requests that the Court dismiss the Plaintiff's Amended Complaint, or in the alternative, require the Plaintiff to properly serve it with the Amended Complaint

The Plaintiff's response reiterated several of the allegations listed in her Amended Complaint. In response to the Defendant's claim regarding lack of proper service, the Plaintiff stated that she was unaware that the Defendant's Human Resource Manager was not authorized to accept proof of service and that she had, in fact, received proof of service signed. (Def.'s Resp. at 2.) The Plaintiff did file a "Summons Returned Executed" [ECF No. 8] that is a Proof of

Service with an attached USPS Certified Mail Return Receipt Form 3811 that is undated, with an unidentified signature made on behalf of the IU White Health Human Resources Manager. In the Defendant's reply, the Defendant argued that none of the information provided demonstrated proper service upon the Defendant and the Court should dismiss the Amended Complaint.

"Once a defendant has challenged the sufficiency of service of process with a motion to dismiss under Fed. R. Civ. P. 12(b)(5), the burden is upon the plaintiff to make a prima facie showing that there was proper service." *Iosello v. Lexington Law Firm,* No. 03–C–987, 2003 WL 21920237, at *2 (N.D. Ill. Aug.12, 2003). The Plaintiff has failed to rebut the Defendant's argument that the Plaintiff failed to properly serve an officer, managing or general agent, or agent authorized by appointment to receive service of process for the Defendant. Fed. R. Civ. P. 4(h).

As the Plaintiff has failed to properly serve the Defendant, the Court must now consider dismissal pursuant to Rule 4(m). If a party fails to give notice of the complaint within 120 days of filing, Rule 4(m) requires that the Court either dismiss the complaint without prejudice or order that service be made within a specified time. *Geiger v. Allen*, 850 F.2d 330, 331 (7th Cir. 1988). If a plaintiff shows good cause, a legitimate reason for a delay in process, the Court shall extend the time for service for an appropriate period. *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). Whether good cause exists is fact sensitive and "entrusted to the district court's discretion." *Troxell v. Fedders of N. Am. Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). The Court must balance the relative hardships of the parties and can look to several factors including: "(1) whether the expiration of a statute of limitations during the pending action would prevent refiling, (2) whether the defendant evaded service, (3) whether the defendant's ability to defend would be prejudiced by an extension, (4) whether the defendant had actual

notice of the lawsuit, and (5) whether the defendant was eventually served." *Cardenas*, 646 F.3d at 1006.

The Plaintiff has not indicated that good cause exists to enlarge the 120-day period. The Defendant did not evade service, rather, it alerted the Plaintiff to its procedural deficiencies. Still, the Defendant has not been properly served. The Plaintiff's pro se status does not excuse non-compliance with procedural rules. *McMasters v. United States,* 260 F.3d 814, 818 (7th Cir.2001). Accordingly, the Court lacks personal jurisdiction over the Plaintiff's claims due to lack of service of process and the Amended Complaint must be dismissed.

## CONCLUSION

Based on the foregoing, the Court GRANTS the Defendant's Motion to Dismiss [ECF No. 11] DISMISSES WITHOUT PREJUDICE the Plaintiff's Amended Complaint [ECF No. 4].

SO ORDERED on June 5, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT